# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Avant Assessment, LLC ) ASBCA No. 58867
)
Under Contract No. W9124N-10-C-0109 )

APPEARANCES FOR THE APPELLANT: Mark G. Jackson, Esq.
Stowell B. Holcomb, Esq.
Jackson Rosenfield LLP
Seattle, WA

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Harry M. Parent III, JA
Kyle E. Chadwick, Esq.
Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON APPELLANT'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

This is a timely appeal, filed on 9 September 2013, from a 26 June 2013 termination of a supply contract for cause. In its motion for summary judgment, appellant, Avant Assessment, LLC (Avant), requests the conversion of the termination to one for the convenience of the government. We grant the motion and sustain the appeal.

## BACKGROUND

The following is undisputed. On 29 September 2010, the Department of the Army (government) and Avant entered into Contract No. W9124N-10-C-0109 for the provision of 3,300 foreign language test items (App. Statement of Undisputed Material Facts ¶¶ 1, 3).[1] On 28 September 2012, the parties entered into Modification No. P00005, which extended a previous period of performance to 31 December 2012, and provided that (1) no later than 1 March 2013, the government would review all items that Avant had submitted by 31 December 2012; (2) "[a]ny items that are still

---

[1] The government contests only paragraphs 2 and 15 of Avant's "statement of undisputed material facts" (gov't resp. at 1-2). We rely upon neither contested paragraph.

required by the contract but not accepted by the Government shall automatically be descoped from the contract"; and (3) "[t]he Government will recover the initial submission payments made to the contractor for items that are descoped from the contract" (*id.* ¶¶ 10, 12-13).[2] On 26 June 2013, the government terminated the contract for cause, pursuant to subparagraph (m) of Federal Acquisition Regulation clause 52.212-4, CONTRACT TERMS AND CONDITIONS–COMMERCIAL ITEMS (FEB 2012) (*id.* ¶¶ 40-41).

## DECISION

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). The government bears the burden of proof on the issue of the correctness of its actions in terminating a contractor for cause. *See Lisbon Contractors, Inc. v. United States*, 828 F.2d 759, 764 (Fed. Cir. 1987).

Avant has shown that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. The only justification that the government offers for terminating the contract for cause is that, it contends, Avant "fail[ed] to deliver the required number" – 3,300 – "of acceptable test items" (gov't resp. at 4). The government elaborates that "[t]he items submitted by [Avant] were subsequently inspected and rejected, justifying the termination for cause" (*id.* at 5). However, Modification No. P00005 provides that any items not accepted by the government would be "descoped" from the contract. That is, with Modification No. P00005, the contract no longer required Avant to deliver 3,330 acceptable items; rather, any shortfall from that number would be removed "automatically" from the contract's scope, and the government would recover from Avant any initial submission payments that the government had made to Avant for items submitted by 31 December 2012 that the government's review determined were unacceptable. In effect, Modification No. P00005 reduced the number of acceptable items that the contract required that Avant deliver from 3,300 to however many acceptable items the government determined Avant had delivered by 31 December 2012. Consequently, we agree with Avant that, as of 28 September 2012, the date that the parties entered into Modification No. P00005, delivering fewer than 3,300 acceptable items was not cause for terminating the contract.

For these reasons, the motion is granted, and the appeal is sustained. Because of this decision, we find it unnecessary to address Avant's argument that the government waived the contract's 31 December 2012 delivery date.

---

[2] Our paragraph citations incorporate the motion exhibits cited in footnotes to the cited paragraphs.

## CONCLUSION

The appeal is sustained, and the termination for cause is converted to one for the convenience of the government.

Dated:  11 August 2015

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeal in ASBCA No. 58867, Appeal of Avant Assessment, LLC, rendered in conformance with the Board's Charter.

Dated:    **AUG 2 0 2015**

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3